IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

KRISTY FULWOOD                          §

VS.                                     §                    CIVIL ACTION NO. 1:12cv187

C.V. RIVERA, ET AL.                     §

<u>MEMORANDUM OPINION AND ORDER</u>

Kristy Fulwood seeks to bring this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 as next friend of Christopher Harvey, an inmate confined at the Federal Correctional Complex in Beaumont, Texas.

<u>Analysis</u>

The federal habeas statute provides, in pertinent part, that an "[a]pplication for writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242.  This petition was filed by a friend of the person for whose relief it is intended, as "next friend."

In *Whitmore v. Arkansas*, 495 U.S. 149, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990), the Supreme Court made clear that standing to proceed as next friend on behalf of a prisoner "is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Whitmore*, 110 S.Ct. at 1727.  A party seeking to represent a prisoner in a habeas proceeding must: (1) explain why the real party in interest cannot prosecute the action in his own behalf; and (2) establish a significant relationship with and a true dedication to the best interests of the real party in interest. *Id.*, 110 S.Ct. at 1727. *See, e.g. Rumbaugh v. McKaskle*, 730 F.2d 291, 293 (5th Cir.1984), *cert. denied*, 473 U.S. 919, 105 S.Ct. 3544, 87 L.Ed.2d 668 (1985) (parents have standing to prosecute death penalty habeas action on behalf of prisoner who is incompetent to waive right to federal habeas review).  Assuming, *arguendo*, that Kristy Fulwood has established a significant relationship with and a true dedication to the best interests of Christopher Harvey, there is no indication that Harvey cannot prosecute this action in his own behalf.

Further, the petition is without merit.  Harvey is not challenging the manner in which his sentence is being executed.  Instead, he attacks the legality of his conviction and sentence.  Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence.  *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000).  Relief under this section is warranted for errors that occurred at trial or sentencing.  *Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990).

Section 2241 is correctly used to attack the manner in which a sentence is executed.  *Tolliver*, 211 F.3d at 877.  A petition filed under § 2241 which attacks errors that occurred at trial or sentencing is properly construed as a § 2255 motion.  *Id.* at 877-78.  However, there is one exception to this general rule.  A prisoner may use Section 2241 as the vehicle for attacking the conviction if it appears that the remedy by motion "is inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255.

As petitioner attacks the legality of his conviction and sentence, his petition should be construed as a motion to vacate, set aside or correct sentence.  Petitioner, however, was convicted in the United States District Court for the Northern District of Mississippi; thus, this court is without jurisdiction to entertain petitioner's motion to vacate sentence.

A petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is not a substitute for a motion to vacate sentence pursuant to 28 U.S.C. § 2255, and the burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner.  *Jeffers v. Chandler*, 253 F.3d 827 (5th Cir. 2001).  A prior unsuccessful § 2255 motion, or the inability to meet AEDPA's "second or successive" requirement, does not make § 2255 inadequate or ineffective.  *Tolliver*, 211 F.3d at 878.

The United States Court of Appeals for the Fifth Circuit has set forth the factors that must be satisfied for a petitioner to file a § 2241 petition in connection with § 2255's savings clause.  *See Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001).  In *Reyes-Requena*, the Fifth Circuit held that "the savings clause of § 2255 applies to a claim (I) that is based on a retroactively

2

applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Id*. at 904.

Here, petitioner's claim does not amount to a claim that he was convicted of "a nonexistent offense" as required by the actual innocence prong of *Reyes-Requena*.  Accordingly, petitioner does not meet the criteria required to support a claim under the savings clause of § 2255.  Thus, the petition should be dismissed.

To the extent petitioner seeks relief pursuant to the All Writs Act, 28 U.S.C. § 1651, and common law, his claims are without merit.  "[T]he All Writs Act does not confer an independent basis for subject-matter jurisdiction." *Renteria-Gonzalez v. INS*, 322 F.3d 804, 811 (5th Cir. 2002). "[T]he All Writs Act is a residual source of authority to issue writs that are not covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Carlisle v. United States*, 517 U.S. 416, 429 (1996), citing *Pennsylvania Bureau of Corrections v. United States Marshals Service*, 474 U.S. 34, 43 (1985).  As 28 U.S.C. § 2255 provides the primary means of collaterally attacking a federal conviction and sentence, the All Writs Act and common law avenues of relief are not available to petitioner. *Nelson v. Reese*, 214 Fed.Appx. 465, 467 (5th Cir. 2007); *Polley v. Jeter*, 202 Fed.Appx. 806 (5th Cir. 2006).  Accordingly, the petition should be dismissed.

Conclusion

For the reasons set forth above, the above-styled petition for writ of habeas corpus should be dismissed.  Accordingly, it is

**ORDERED** that this petition for writ of habeas corpus is **DISMISSED**.  A final judgment so providing will be entered by separate order this date.

**SIGNED** this the 1 day of **May, 2012.**

Thad Heartfield
United States District Judge